**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4788**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MARVIN WAYNE WILLIAMS,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Roger W. Titus, District Judge (8:07-cr-00288-RWT-1)

Submitted: June 10, 2009        Decided: July 10, 2009

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Gary A. Ticknor, Elkridge, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Michele W. Sartori, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marvin Wayne Williams appeals the district court's pretrial denial of his motion to suppress evidence seized from his home pursuant to a search warrant based upon probable cause stemming from a traffic stop, and his motion to suppress a statement he made to an arresting officer. Williams subsequently pled guilty to possession of firearms and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006), and possessing with the intent to distribute 50 grams of more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006), and was sentenced to 151 months' imprisonment. Williams moved to suppress the evidence upon which the indictment was based, arguing that his vehicle was stopped and searched without reasonable suspicion or probable cause, leading to the discovery of narcotics on his person that was used to prove probable cause in obtaining a warrant to search his home. Alternatively, Williams moved to suppress the evidence seized from his home based upon arguments that the affidavit used to obtain the search warrant "did not establish probable cause to believe evidence of a crime would be found" and "was so deficient that no objectively reasonable officer would have relied in good faith on the legality of the search warrant." Williams also moved to suppress an incriminating statement he made to the police officers who arrested him after

2

searching his home, to the effect that all the evidence of illegal activity found at the home belonged to him, rather than to his girlfriend, who was present during the search, after the officers stated their intent to arrest her as well. He argued that his statement resulted from an unreasonable seizure and was coerced and obtained in violation of his Miranda[*] rights. We affirm the district court's denial of the motions to suppress.

We review the district court's factual findings underlying the denial of a motion to suppress for clear error and its legal conclusions de novo. United States v. Grossman, 400 F.3d 212, 216 (4th Cir. 2005). When a suppression motion has been denied, we construe the evidence in the light most favorable to the government. United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

I. Motion to Suppress Evidence

"As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred," regardless of the officer's subjective motivations. Whren v. United States, 517 U.S. 806, 810, 813-19 (1996) (citations omitted). "[O]nly the probability, and not a prima facie showing, of criminal

_____

[*] Miranda v. Arizona, 384 U.S. 436 (1966).

activity is the standard of probable cause." Illinois v. Gates, 462 U.S. 213, 235 (1983) (internal quotation marks and citation omitted).

We hold that the district court did not err in denying the motion to suppress the evidence seized from Williams' home based upon lack of probable cause for the traffic stop that led to issuance of the search warrant. The evidence, including a video recording of the stop and the events leading up to it taken from the arresting officer's vehicle, shows that the officer observed several potential and actual traffic violations, including possible illegal window tint, a possible illegal windshield obstruction, failure to stop at a red light, and failure to signal a right turn, before he pulled Williams over. The fact that Williams was not ultimately charged with illegal window tint or having an obstructed windshield does not conclusively indicate that the officer did not observe probable violations of those types. In addition, the video evidence clearly shows that Williams failed to stop or signal before turning right at a red light. Because the stop was based upon probable cause, the affidavit used to obtain the search warrant was not deficient.

II. Motion to Suppress Statement

A statement is voluntary if it is "the product of an essentially free and unconstrained choice by its maker." Schneckloth v. Bustamonte, 412 U.S. 218, 225 (1973). An analysis of the voluntariness of a statement is derived from the totality of the circumstances. Id. at 226. The relevant determination regarding voluntariness is whether government agents have overborne the defendant's will or left his "capacity for self-determination critically impaired." Id. at 225.

We hold that the district court did not err in denying Williams' motion to suppress the statement he made to the arresting officers because the statement was made voluntarily. The testimony of one of the arresting officers indicates that Williams was not questioned during the search of his apartment, and that he voluntarily stated that all of the evidence found at the apartment was his after the officer told the other officers to arrest Williams' girlfriend. The evidence does not indicate that the officer threatened to arrest Williams' girlfriend in order to elicit any sort of admission from Williams, but rather that he ordered her arrest as a logical result of her presence at the apartment where a large quantity of cocaine base was discovered. Furthermore, as discussed above, the statement was not made in the context of an illegal search.

For the reasons stated above, we affirm the district court's order denying Williams' motions to suppress. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED